## SYLLABI OF CASES DECIDED

### December 16 and 23, 1924

#### No. 1

No. 18741—City of Dayton v. Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

**465. ERROR—Time to bring from Utilities Commission is computed from date of entry of final order on journal.**

MATTHIAS, J.

The time from which to compute the sixty days allowed for the institution of proceedings in error from the public utilities commission to the supreme court, under the provisions of Section 547, General Code, is the date of entry of the final order on the journal of the commission and not the date of the overruling of the application for a rehearing.

Motion sustained.

Robinson, Jones, Day, Allen and Conn, JJ., concur.

#### No. 2

No. 18363—George D. Oglesbee, etc., v. W. L. Miller, Executor, etc. Error to the Court of Appeals of Greene County, Ohio.

**1271. WILLS—1. Provision for disposing of proceeds of sale of real estate, not construed as a general residuary bequest.**

**2. Passing of intestate property can be changed only by testamentary disposition.**

**3. Personal property undisposed of, passes to husband when there are no children or legal representatives, although will bequeaths life estate to him.**

MATTHIAS, J.

1. In a will which directs the sale of real estate and the payment of specific legacies from the proceeds thereof, followed by the provision that "all the rest and residue of my said property realized from the sale of said real estate" shall be divided among persons named, such provision disposes only of the proceeds of the real estate and cannot be construed as a general residuary bequest.

2. All intestate property passes by virtue of and in accordance with the statute of descent and distribution; the course thereby prescribed can be changed only by testamentary disposition. (Mathews v. Krisher, 59 Ohio St., 562, approved and followed.)

3. Personal property undisposed of by will passes to the husband, where the testatrix left no children or their legal representatives, even though by provisions of the will such property had been bequeathed to the husband for and during his natural lifetime, or so long as he remained unmarried.

Judgment modified and affirmed.

Marshall, C. J., Robinson and Jones, JJ., concur.

#### No. 3

No. 18502—The State of Ohio v. B. B. Barger and Bonnie F. Barger. Error to the Court of Appeals of Logan County.

**154. BLACKMAIL—Demand in good faith of reasonable compensation for injury, threatening criminal prosecution, does not constitute.**

CONN, J.

One who, having sustained an injury growing out of a tort which constituted a crime, demands of the wrongdoer what the demandant in good faith believes is a reasonable compensation therefor, and supports his demand by charging the wrongdoer with having committed a crime out of which arose the injury and threatens to prosecute the wrongdoer therefor if the demand be not complied with, does not thereby violate the provisions of Section 13384, General Code. (Mann v. The State, 47 Ohio St., 556, approved and followed.)

Judgment affirmed.

Marshall, C. J., Robinson, Matthias, Day and Allen JJ., concur. Jones, J., not participating.

#### No. 4

No. 18393—L. B. Clark v. Alexander Baranowski et al. Error to the Court of Appeals of Cuyahoga county.

**1027. RES AJUDICATA—Of two contrary former adjudications, last in point of time will control—Former ajudication must be plead in order to avail—Failure to plead and prove constitutes waiver.**

MARSHALL, C. J.

1. Where there have been two former actions in which the same issue has been decided contrarily, and where there was an opportunity to set up the judgment rendered in the cause first decided as a bar or estoppel in the action later decided and a failure or neglect to plead such judgment in the later action, the last adjudication in point of time will control.

2. Where a party to an action desires to avail himself of a former adjudication of the same issue, such former adjudication must be pleaded and proved.

3. The doctrine of res adjudicata is a branch of the law of estoppel and may be waived, and a failure or neglect to plead and prove a former adjudication constitutes a waiver.

Judgment affirmed.

Robinson, Jones, Matthias, Day, Allen and Conn, JJ., concur.